UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DESHAWN CHAPPELL,<br><br>             Petitioner,<br><br>      v.<br><br>LELAND McEWEN, Warden,<br><br>             Respondents. | No. CV 12-3252-JSL (PLA)<br><br>**ORDER ADOPTING FINDINGS,**<br>**CONCLUSIONS AND RECOMMENDATION**<br>**OF UNITED STATES MAGISTRATE JUDGE** |

## INTRODUCTION

On February 8, 2013, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the Petition for Writ of Habeas Corpus be denied and dismissed with prejudice. Thereafter, on March 27, 2013, petitioner filed Objections to the R&R ("Objections").

## DISCUSSION

In his Objections, petitioner asserts, inter alia, that pursuant to the California Supreme Court's opinion in People v. Caballero, 55 Cal.4th 262, 145 Cal.Rptr.3d 286 (2012), his sentence of fifty years to life violates the Eighth Amendment because it amounts to a de facto sentence of

life without parole.[1]  In Caballero, the California Supreme Court held that "sentencing a juvenile offender for a nonhomicide offense to a term of years with a parole eligibility date that falls outside the juvenile offender's natural life expectancy constitutes cruel and unusual punishment in violation of the Eighth Amendment."  55 Cal.4th at 268.  The Caballero court based its reasoning on Graham v. Florida, __ U.S. __, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), which categorically banned life-without-parole sentences for non-homicide juvenile offenders, and on Miller v. Alabama, __ U.S. __, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), which banned mandatory life-without-parole sentences for all juvenile offenders.  See Caballero, 55 Cal.4th at 267-68 (noting that, under Graham, a state must provide a juvenile offender "with some realistic opportunity to obtain release" from prison during his or her expected lifetime, and interpreting Miller to mean that "Graham's 'flat ban' on life without parole sentences applies to all nonhomicide cases involving juvenile offenders, including [a] term-of-years sentence that amounts to the functional equivalent of a life without parole sentence[.]").

It appears that courts are split over whether Graham bars a court from sentencing a non-homicide juvenile offender to consecutive, fixed terms resulting in an aggregate sentence that exceeds the juvenile's life expectancy.  See, e.g., Bunch v. Smith, 685 F.3d 546, 551-53 (6th Cir. 2012) (discussing split over Graham and concluding that the plain language of Graham only bars the imposition of life without parole for a non-homicide juvenile offender); Thomas v. Pennsylvania, 2012 WL 6678686, at *2  (E.D.Pa. Dec. 21, 2012) ("This Court does not believe that the Supreme Court's analysis would change simply because a sentence is labeled a term-of-years sentence rather than a life sentence if that term-of-years sentence does not provide a meaningful opportunity for parole in a juvenile's lifetime. . . .  Therefore, this Court finds that the sentence imposed in this case, though a term-of-years sentence, violates Graham as it provides no

---

[1]  Petitioner asserts that he will be 64 years old before he is eligible for parole and that, according to past data from the Center for Disease Control and Prevention, this is equal to his life expectancy.  He also asserts that when taking into account both the violence and the presence of contagious diseases within prisons, his life expectancy would be further shortened. (Objections at 6).

meaningful opportunity to obtain release, based upon demonstrated maturity and rehabilitation, during [the petitioner's] expected lifetime.").

This uncertainty about Graham's scope demonstrates that the Caballero court's expansive reading of Graham and Miller is not clearly established. Moreover, petitioner is not a non-homicide offender -- he was convicted of first degree murder. Although Graham categorically banned life-without-parole sentences for non-homicide juvenile offenders -- and some courts have extended the ban to encompass consecutive, fixed terms resulting in an aggregate sentence that exceeds the juvenile's life expectancy -- there is no such ban for juvenile offenders convicted of homicide crimes. Rather, in Miller, the Supreme Court only banned mandatory life-without-parole sentences in juvenile homicide cases. Miller, 132 S.Ct. at 2469 ("We therefore hold that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders."). In petitioner's case, because he was given a sentence of fifty years to life and not a mandatory term of life without parole, there is no violation of Miller.

Although the Supreme Court may at some point decide that consecutive, fixed-term sentences for all juvenile offenders violate the Eighth Amendment because such sentences do not allow the offender a realistic opportunity to be released, until such a ruling is issued, and until it is conclusively established that petitioner's sentence exceeds his life expectancy, it cannot be said that petitioner's sentence violates clearly established federal law.

The Court has reviewed petitioner's remaining objections and finds that they are without merit.

/
/
/
/
/
/
/
/

**CONCLUSION**

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Report and Recommendation of the United States Magistrate Judge, and petitioner's Objections to the Report and Recommendation. The Court has made a de novo determination of the portions of the Report and Recommendation to which Objections were directed. The Court concurs with and adopts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

1. Judgment shall be entered dismissing the action with prejudice.
2. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: 5/3/13

HONORABLE J. SPENCER LETTS
SENIOR UNITED STATES DISTRICT JUDGE

4